`           IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF OKLAHOMA

TRACY L. NORTHINGTON,           )
                                )
         Plaintiff,             )
                                )
v.                              )    Case No. CIV-10-854-BA
                                )
MICHAEL J. ASTRUE,              )
Commissioner of the Social      )
Security Administration,        )
                                )
         Defendant.             )

## ORDER

Ms. Tracy Northington applied for supplemental security income and insurance benefits based on an alleged disability. *See* Administrative Record at pp. 107-16 (certified November 1, 2010) ("Record"). The Social Security Administration rejected the claims,[1] and Ms. Northington initiated the present action based in part on legal error in the failure to consider opinions by two physical therapists.[2] The Court reverses the administrative decision and remands the action for further findings with regard to the opinions.

---

[1]   Record at pp. 1-3, 37-40, 44-52.

[2]   Ms. Northington alleges other errors, but the Court need not consider them in light of the suggested reversal on other grounds. *See infra* pp. 2-10; *see also Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand.").

I.      STANDARD OF REVIEW

The Court must determine whether the Social Security Administration's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Reversal is necessary if the agency had failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'" *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (*per curiam*; citations omitted).

II.     ERROR IN THE CONSIDERATION OF PHYSICAL THERAPISTS' OPINIONS

The administrative law judge erred in her assessment of opinions by two physical therapists, Lauren Mathe and Randall Wallace.

   A.     Opinions from the Physical Therapists

Ms. Northington attended physical therapy with a diagnosis of cervical pain following a neck injury. *See* Record at p. 279. Physical therapists Lauren Mathe and Randall Wallace evaluated the Plaintiff and authored a functional assessment report concerning physical abilities and limitations. *See id.* at pp. 279-81. In the report, the therapists stated that Ms. Northington:

- could occasionally lift ten pounds,

- could frequently lift negligible weight,

- was unable to perform "axial rotation" reaching, "crouching/squatting" reaching, and "stooping" reaching,

- could perform "overhead" reaching and "kneeling" reaching on a "less than occasional" basis,[3]

- could occasionally stand, sit, walk, and climb stairs, and

- was unable to complete a treadmill test due to complaints of neck pain.

*Id.* at pp. 279-80.

B. Duty to Discuss the Physical Therapists' Opinions

A physical therapist is not considered an "acceptable medical source." *See* 20 C.F.R. §§ 404.1513(a), 416.913(a). Accordingly, the opinions by Ms. Mathe and Mr. Wallace could not be used to establish a medically determinable impairment at step two.[4] Nonetheless, the administrative law judge had a duty to consider the opinions by the physical therapists, who were considered "other sources,"[5] based on the following factors:

- the length of time the therapists had known the claimant,

- the frequency in which the therapists had seen the claimant,

- the consistency of the opinions with other evidence,

- the supportability of the opinions,

---

[3] According to the physical therapists, the phrase "less than occasional basis" meant that the Plaintiff "was unable to perform these positions [of overhead reaching and kneeling reaching] for the protocol length of time, [and that] she could not perform activities in these positions efficiently in the workplace." Record at p. 280.

[4] *See* Social Security Ruling 06-03p, *Titles II and XVI:II and XVI: Considering Opinions and Other Evidence from Sources Who Are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, 2006 WL 2329939, Westlaw op. at 2 (Aug. 9, 2006).

[5] *See* 20 C.F.R. §§ 404.1513(d), 416.913(d).

3

- the quality of the therapists' explanation for their opinions,

- the possible speculation of the therapists related to the claimant's impairment, and

- the existence of other factors which would tend to support or refute the opinions.[6]

Social Security Ruling 06-03p generally requires the administrative law judge to explain the weight given to opinions by "other sources" "or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."[7]

C.  The Administrative Law Judge Erred in Failing to Discuss the Opinions

The administrative law judge did not mention the opinions by the physical therapists. *See* Record at pp. 44-52. The Defendant concedes the omission, but offers three explanations:

- The therapists' report did not involve an opinion by a "treating source;"

- the administrative law judge's rejection of a different opinion satisfied the duty to specifically discuss the physical therapists' report; and

---

[6] *See Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007); Social Security Ruling 06-03p, *Titles II and XVI:II and XVI: Considering Opinions and Other Evidence from Sources Who Are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, 2006 WL 2329939, Westlaw op. at 4 (Aug. 9, 2006).

[7] Social Security Ruling 06-03p, *Titles II and XVI:II and XVI: Considering Opinions and Other Evidence from Sources Who Are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, 2006 WL 2329939, Westlaw op. at 6 (Aug. 9, 2006).

- the judge stated that she had considered the entire record.

The arguments are not valid because:

- the administrative law judge had a duty under Social Security Ruling 06-03p to discuss the assessment even though the physical therapists were not "treating sources;"

- the judge had an independent duty to discuss the therapists' opinions and her rejection of someone else's opinion did not satisfy this duty; and

- consideration of the challenged opinions might have affected the ultimate issue of disability, precluding reliance on the administrative law judge's assurance that she had considered the entire record.

First, the Defendant states: "[B]ecause the assessment was made by two physical therapists, it did not qualify for consideration as a treating source opinion." Social Security Response Brief at p. 5 (Mar. 15, 2011). But the Plaintiff never argued that the physical therapists' report should have been evaluated as a "treating source." Even though the report had not been written by a treating doctor, the administrative law judge had a duty under Social Security Ruling 06-03p to evaluate the document and explain the weight given to the opinions. *See supra* p. 4 & note 7.

The Defendant recognizes the duty, but attempts to show that it had been satisfied:

[T]he [administrative law judge] did not specifically explain the weight she gave to the physical therapists' assessment. However, her explanation for not giving great weight to the opinion of Brent Hisey, M.D., who evaluated Plaintiff for her workers' compensation case and requested the physical therapists' assessment, also explains her reasoning for not adopting the limitations the physical therapists assessed.

5

Social Security Response Brief at p. 6 (Mar. 15, 2011) (citations omitted).  According to Mr. Astrue, the judge's analysis of Dr. Hisey's opinion "ensure[d] that the decision [would have] allow[ed] a . . . subsequent reviewer to follow the adjudicator's reasoning [with regard to the opinions outlined in the therapists' report]."  *Id.*  The Defendant is mistaken.

Dr. Brent Hisey recommended limitations for the Plaintiff involving a 10 pound lifting restriction and a push/pull limitation of 25 pounds.  *See* Record at p. 282.  This recommendation had been based on the report completed by the physical therapists.  *Id.*  As noted by the Defendant, the administrative law judge did "not give great weight" to Dr. Hisey's opinion because it had conflicted with the physician's internal findings and x-ray evidence.  *Id.* at p. 50.  According to Mr. Astrue, "[t]he [administrative law judge's] explanation that she found the record did not support the severity of limitations that Dr. Hisey assessed indicate[d] that she also rejected the limitations from the physical therapists that Dr. Hisey had apparently found too restrictive on the same basis."  Social Security Response Brief at p. 7 (Mar. 15, 2011).  The Court rejects Mr. Astrue's argument, as the physical therapists' assessment had differed from Dr. Hisey's opinion.

In discussing Dr. Hisey's opinion, the administrative law judge referred only to the assessment of the capacity to push, pull, and lift objects.  *See supra* p. 6.  The judge had discounted these opinions based on a belief that they were inconsistent with the doctor's own physical findings and other evidence in the medical record.  Record at p. 50.  As noted above, however, the two physical therapists also found substantial limitations in the ability to reach,

6

stand, sit, walk, and climb stairs. *See supra* pp. 2-3. The judge's discussion of Dr. Hisey's opinions would shed little light on these aspects of the physical therapists' assessment.

Although the administrative law judge might have thought the evidence would not support a restrictive assessment of the ability to push, pull, and lift, she never suggested that there was anything in the medical record that would have conflicted with the physical therapists' stated limitations in the ability to reach, stand, sit, walk, or climb stairs. *See* Record at p. 50. Thus, one cannot logically infer from the written decision that the judge would have rejected the physical therapists' opinions on reaching, standing, sitting, walking, or climbing based on inconsistencies with the other evidence.

The problem is illustrated by the apparent conflict between the administrative law judge's residual functional capacity assessment and the physical therapists' report. The judge's physical findings stated that Ms. Northington could sit, stand, and walk for 75% of the workday. *See id.* at p. 48. This finding conflicts with the physical therapists' statement that the Plaintiff could only perform these tasks up to 33% of the workday. *See id.* at 279. And the judge's physical findings did not address limitations on the ability to reach. *See id.* at p. 48. The unexplained conflicts create an ambiguity about how the judge might have evaluated the physical therapists' opinions on the ability to sit, stand, walk, and reach.

As stated above, Social Security Ruling 06-03p requires the administrative law judge to explain the weight given to the physical therapists conclusions. *See supra* p. 4. She failed to do so and the Court cannot speculate in this regard. Thus, contrary to the Defendant's

7

assertion, the Court cannot rely on the judge's explanation regarding Dr. Hisey's opinion as a substitute for discussion of the physical therapists' different opinions.

Finally, Mr. Astrue argues that an administrative law judge need not discuss every piece of evidence. This statement is true as a general proposition,[8] but is inapplicable here. Although the administrative law judge need not discuss every piece of evidence, the Social Security Rulings identify particular items that must be specifically discussed to facilitate meaningful judicial review. One of these items is an opinion by physical therapists about a claimant's physical capacity. *See supra* p. 4. As discussed above, this sort of evidence must be specifically discussed under Social Security Ruling 06-03p. *See supra* p. 4. The Court cannot disregard this duty by blindly relying on the general proposition that an administrative law judge need not discuss everything in the record. She does have to discuss some things, and the physical therapists' opinion was one of them.

The Defendant relies on *Wilson v. Astrue*, 602 F.3d 1136 (10th Cir. 2010). But the Defendant's reliance on *Wilson* is misplaced because the therapists' opinions might have supported a finding of disability.

In *Wilson*, the plaintiff complained that the administrative law judge had ignored certain opinions. *See Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010). The Tenth

---

[8] *See, e.g.*, *Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003) (stating that an administrative law judge "is not required to discuss every piece of evidence in the record" (citation omitted)).

Circuit Court of Appeals rejected the claim, stating: "There is obviously no requirement that the [administrative law judge] reference everything in the administrative record." *Id.* This conclusion was based on a finding that the challenged opinions would not have supported a finding of disability. *Id.*

This rationale does not apply here. The administrative law judge did not discuss the physical therapists' limitations involving the Plaintiff's abilities to reach, walk, sit, stand, and climb. *See supra* pp. 4-7. If the judge had done so, she might have reached a different conclusion regarding the ultimate question of disability. But that is not for this Court to decide, as it is the duty of the administrative law judge to weigh the evidence and render factual findings. *See Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004); *see also supra* p. 2. This determination can only be made following a proper consideration of the therapists' opinion on remand. Because the therapists' report could have supported a finding of disability, the Defendant's reliance on *Wilson* is misplaced.

In *Martinez v. Astrue*, 2011 WL 1549517 (10th Cir. Apr. 26, 2011) (unpublished op.), the Tenth Circuit Court of Appeals recently rejected a similar argument based on *Wilson v. Astrue*. In *Martinez*, the plaintiff complained that the administrative law judge had failed to discuss particular portions of an opinion from a psychologist. *See Martinez v. Astrue*, 2011 WL 1549517, Westlaw op. at 5. In response, the defendant cited *Wilson v. Astrue* and argued that the administrative law judge had no duty to discuss every piece of evidence in the record. *Id.*, 2011 WL 1549517, Westlaw op. at 6. But the Tenth Circuit Court of Appeals distinguished *Wilson* and stated:

9

> [O]ur conclusion in *Wilson* was based on the fact that the therapist's opinion was cumulative with respect to the undisputed evidence that the claimant "has serious long-term mental health limitations that clearly impact her life." By contrast, those portions of Dr. LaGrand's opinion that the [administrative law judge] failed to discuss were significantly probative and did not repeat any of the other medical evidence mentioned by the [administrative law judge].

*Id.* (citations omitted).

The court's conclusion in *Martinez* should guide the present analysis. The limitations in the therapists' report regarding Ms. Northington's abilities to sit, stand, walk, reach, and climb were not cumulative of other evidence discussed by the administrative law judge. Even though the administrative law need not discuss every piece of evidence, the decision must ensure that a subsequent reviewer is able to follow the adjudicator's reasoning. *See supra* p. 4. Here, this task is impossible due to the failure to discuss the limitations in the therapists' report which conflicted with the administrative law judge's assessment of physical capacity. *See supra* pp. 4-8. In these circumstances, the Court reverses and remands for further findings regarding the physical therapists' opinions. These opinions must be discussed and analyzed under Social Security Ruling 06-03p, and the failure to satisfy this duty requires reversal. *Wilson v. Astrue* does not suggest otherwise.

III. CONCLUSION

The Court reverses the Social Security Administration's decision and remands for further findings regarding the physical therapists' opinions.

So ordered this 27th day of May, 2011.

_____
Robert E. Bacharach
United States Magistrate Judge